JEFFREY A. KOBULNICK – Bar No. 228299
MARK D. BRUTZKUS – Bar No. 128102
MICHAEL A. BERNET – Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:     jkobulnick@brutzkusgubner.com
           mbrutzkus@brutzkusgubner.com
           mbernet@brutzkusgubner.com

Attorneys for Plaintiff,
LIGHTS OUT HOLDINGS, LLC

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

LIGHTS OUT HOLDINGS, LLC, a
California limited liability company,

        Plaintiff,

    v.

LIGHTS OUT APPAREL, LLC, a
Maryland limited liability company;
JACOB LAWSON and ZACHARY
KOSOJET, individuals d/b/a LIGHTS
OUT BILLIARDS APPAREL; and
DOES 1 through 10, inclusive,

        Defendants.

Case No. '16CV2195 JAH NLS

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT
(15 U.S.C. § 1114);**

**(2) FEDERAL TRADEMARK
DILUTION (15 U.S.C. § 1125(c);**

**(3) UNFAIR COMPETITION AND
FALSE DESIGNATION OF
ORIGIN (15 U.S.C. § 1125(a);**

**(4) COMMON LAW TRADEMARK
INFRINGEMENT**

**(5) CALIFORNIA TRADEMARK
DILUTION (Cal. Bus. & Prof. §
14247);**

**(6) UNFAIR COMPETITION (Cal.
Bus. & Prof. § 17200); and**

**(7) VIOLATION OF THE FEDERAL
ANTICYBERSQUATTING
CONSUMER PROTECTION ACT
(15 U.S.C. § 1125(d)**

**DEMAND FOR JURY TRIAL**

1

COMPLAINT

Plaintiff Lights Out Holdings, LLC ("Lights Out Holdings" or "Plaintiff") by and through this Complaint against Defendants Lights Out Apparel, LLC ("Lights Out Apparel"), and Jacob Lawson ("Lawson") and Zachary Kosojet ("Kosojet"), individuals doing business as Lights Out Billiards Apparel ("Lights Out Billiards Apparel"), and DOES 1 through 10, inclusive, (each a "Defendant" and collectively, "Defendants") alleges to the Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

2.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.

3.     This Court has personal jurisdiction over Defendants in that they transact substantial business in the State of California.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants have significant contacts within this judicial district.

5.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place in this District.

6.     Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendants are individuals and business entities subject to this Court's personal jurisdiction.

## THE PARTIES

7.     Plaintiff Lights Out Holdings is a California limited liability company, organized and operating under the laws of the State of California, having its principal

4318.006
1618655

place of business at 10960 Wilshire Blvd. Los Angeles, California 90024.

8.     Upon information and belief, Defendant Lights Out Apparel is a Maryland limited liability company having its principal place of business at 2812 Whitman Court, Manchester, Maryland, 21102. A true and correct copy of its Articles of Organization, reflecting its business address is attached hereto as **Exhibit 1**. A true and correct copy of its record of general business information with the Maryland Department of Assessments & Taxation, reflecting its active status as of August 22, 2016, is attached hereto as **Exhibit 2.**

9.     Upon information and belief, Defendant Lawson is a Maryland resident.

10.     Upon information and belief, Defendant Kosojet is a Maryland resident.

11.     Upon information and belief, Defendant Lawson is an owner, and the Chief Executive Officer, of Defendant Lights Out Apparel.

12.     Upon information and belief, Defendant Kosojet is an owner, and the Chief Operating Officer, of Defendant Lights Out Apparel.

13.     Upon information and belief, Defendants Lawson and Kosojet also do business as Lights Out Billiards Apparel in their individual capacities, with their principal place of business at 2812 Whitman Court, Manchester, Maryland, 21102. A true and correct copy of the Trade Name Application for Lights Out Billiards Apparel, reflecting Defendants Lawson and Kosojet as the legal owners of said trade name in their individual capacities, and operating at the above address, is attached hereto as **Exhibit 3**. A true and correct copy of the entity's general business information with the Maryland Department of Assessments & Taxation, reflecting its active status as of August 22, 2016, is attached hereto as **Exhibit 4.**

14.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in

4318.006
1618655

1  some manner responsible, liable and/or obligated to Plaintiff in connection with the

2  acts alleged herein.

3  15.  Plaintiff is informed and believes, and thereon alleges that at all times

4  mentioned herein, each of the Defendants shared a unity of interest.  Specifically, each

5  of the Defendants are the alter ego of each other, in that each is not only influenced

6  and governed by each other, but there exists such a unity of interest between them that

7  the individuality and separateness of each of them have ceased, and the facts are such

8  that an adherence to the fiction of the separate existence of each them would, under

9  the particular circumstances, sanction a fraud or promote injustice.

10  16.  Upon information and belief, Defendants have directed ongoing and

11  substantial commercial activities within the State of California and in the County of

12  San Diego, including without limitation the Southern District of California.

**<u>NATURE OF THE ACTION</u>**

13

14  17.  Plaintiff Lights Out Holdings is the owner of numerous registered and

15  pending trademarks, including but not limited to a family of highly distinctive

16  trademarks consisting of or including the term "Lights Out," (the "LIGHTS OUT"

17  mark), which Plaintiff has used in interstate commerce since 2007 in connection with

18  a variety of athletic apparel and related goods throughout the United States.

19  18.  Defendants as using the identical LIGHTS OUT mark in connection with

20  their own athletic apparel and related goods business, located in the state of Maryland,

21  operating under the names Lights Out Apparel and Lights Out Billiards Apparel.

22  19.  Earlier this year, Defendants filed two pending trademark applications

23  with the U.S. Patent and Trademark Office ("USPTO") for the marks "Lights Outs

24  Billiards Apparel" and "Lights Out Billiards Apparel 9 8" for use in connection with

25  apparel and related goods.

26  20.  Defendants are also selling LIGHTS OUT branded athletic clothing and

27  related goods and services at the above mentioned location and online, including to

28  consumers in this judicial district.

4

4318.006
1618655

21.     Upon learning of Defendants' infringing behavior, Plaintiff sent a cease and desist letter to Defendants on August 5, 2016, demanding that Defendants cease and desist all further uses of Plaintiff's LIGHTS OUT mark, or any other terms which are confusingly similar to LIGHTS OUT, in connection with their business.

22.     Although Defendants have been made aware of Plaintiff's prior trademark rights, Defendants are still using the LIGHTS OUT mark in connection with athletic apparel and related goods.

23.     Plaintiff brings this action for trademark infringement, trademark dilution, unfair competition and related offenses arising from Defendants' unlawful use of Plaintiff's LIGHTS OUT mark.

## ALLEGATIONS

### A.     Plaintiff's Founder: Shawne Merriman

24.     Plaintiff's founder and principal, Shawne Merriman, is a former professional football player who was a linebacker in the National Football League ("NFL") from 2005 through 2012.

25.     Prior to his NFL career, Mr. Merriman earned the nickname "Lights Out" at Frederick Douglass High School in the State of Maryland, for legendarily rendering four opposing players unconscious in the first half of one football game.  After High School, beginning in 2002, Mr. Merriman played football for the University of Maryland, where he earned national attention for his football prowess.  After College, Mr. Merriman was drafted in the first round of the 2005 NFL Draft (12th overall) by the San Diego Chargers.

26.     Mr. Merriman earned many awards and accolades during his NFL career, including *Sporting News* Rookie of the Year (2005), Professional Football Writers Association Defensive Rookie of the Year (2005), Associate Press NFL Defensive Rookie of the Year (2005), NFL Sacks Leader (2006), three-time All-Pro selection (2005-2007), and three-time Pro Bowl selection (2005-2007).  His professional successes helped garner both national and international attention to his nickname,

4318.006
1618655

"Lights Out."

**B.    Plaintiff's LIGHTS OUT Mark**

27.    In 2007, Mr. Merriman decided to develop a "Lights Out" clothing brand based on his nickname.  In furtherance of that vision, in July 2007, Mr. Merriman acquired and was assigned the entire interest in and to U.S. Registration No. 2,885,212 (the "212 Registration") for the trademark LIGHTS OUT (the "LIGHTS OUT" mark) for use in connection with, *inter alia*, clothing in International Class 25, from the prior and original owner, Loomworks Apparel, Inc., a California corporation ("Loomworks").    A true a correct copy of the Certificate of Registration for the LIGHTS OUT mark is attached hereto as **Exhibit 5**.

28.    As reflected by Certificate of Registration, the LIGHTS OUT mark has a priority date of February 10, 2003, a first date of commercial use of June 11, 2004, and became federally registered on September 14, 2004.

29.    On October 22, 2007, Mr. Merriman founded Plaintiff, Lights Out Holdings, LLC, and assigned the 212 Registration in its entirety to Plaintiff on January 29, 2008.  A true and correct copy of the assignment record for the 212 Registration from the United States Patent and Trademark Office (USPTO)'s online trademark assignment database, reflecting all of the above-referenced assignments, and that Plaintiff is the current owner of the 212 Registration, is attached hereto as **Exhibit 6**.

30.    As a result of Plaintiff's acquisition of the 212 Registration in October 2007, Plaintiff owns all right, title, and interest in and to the LIGHTS OUT mark for a wide range of goods, including but not limited to "Clothing and shoes for men, women and children, namely . . . athletic uniforms, . . . caps, . . . coats, . . . hats, . . . jackets, . . . jerseys, . . . knit shirts, . . . overcoats, . . . polo shirts, . . . shirts, . . . sport coats, sport shirts, . . . sweatshirts, . . . tops, . . . [and] t-shirts." as reflected on the Certificate of Registration.

31.    Since acquiring the 212 Registration, Plaintiff has continuously and

4318.006
1618655

extensively used the LIGHTS OUT mark in connection with clothing, including, without limitation, t-shirts and hats.

32. Plaintiff's LIGHTS OUT branded clothing have enjoyed substantial success and popularity both nationwide and internationally, including within this judicial district, and have been sold by retailers such as Wal-Mart, ShawneMerriman.com, and LightOutBrand.com, among others.

33. The 212 Registration is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of and exclusive right to use the LIGHTS OUT mark in the United States in connection with a wide range of clothing, including t-shirts and hats.

34. The 212 Registration, and therefore Plaintiff's LIGHTS OUT mark, became incontestable on September 15, 2010.

35. Plaintiff's LIGHTS OUT mark is inherently distinctive.

36. By virtue of Plaintiff's and its predecessor-in-interests' continuous and exclusive use in the United States of the LIGHTS OUT mark on clothing since at least 2004, the LIGHTS OUT mark has further acquired distinctiveness. That is, the public has come to associate the LIGHTS OUT mark with high-quality clothing, consequently allowing Plaintiff to build a valuable reputation in connection with its LIGHTS OUT mark.

37. In addition to the 212 Registration, Plaintiff exclusively owns and controls several other registered and pending LIGHTS OUT marks, as reflected in the table attached hereto as **Exhibit 7.**

38. Especially relevant here, among Plaintiff's family of LIGHTS OUT marks, in addition to the 212 Registration, Plaintiff also owns all rights in and to the following related marks:

/ / /

/ / /

/ / /

4318.006
1618655

| Mark | Reg. No. / Serial No. | International Class(es) | Goods/Services |
|------|------------------------|------------------------|----------------|
| LIGHTS OUT | 3990916 | 35 | Online retail store featuring sporting goods, sports memorabilia, clothing; promoting the goods and services of others through the issuance of product and service endorsements by a sports celebrity. |
| LIGHTS OUT | 4242170 | 35 | Promoting the goods and services of others through licensing of the identity, name, nickname, and image of a sports celebrity. |
| LIGHTS OUT | 4667833 | 18; and | Luggage; tote bags, duffle bags, gym bags, all-purpose sport bags and backpacks; sports luggage and gym bags; |
|  |  | 25 | Muscle shirts. |
| LIGHTS OUT | 86888080 | 25 | Footwear, athletic footwear. |
| LIGHTS OUT NETWORK | 86561783 | 38; and | Television transmission and broadcasting services; |
|  |  | 41 | Entertainment services in the nature of television programs, interactive television programs, contests, competitions, sporting events in the field of sports and fitness; . . . entertainment services, namely, providing a web site featuring non-downloadable video clips, film clips and other multimedia materials all featuring games or sports; entertainment services, namely, provision of on-going multimedia programs in the field of sports distributed via various platforms across multiple forms of transmission media; providing on-line entertainment information in the field of sports and fitness. |

4318.006
1618655

| Mark | Reg. No. / Serial No. | International Class(es) | Goods/Services |
|------|------------------------|------------------------|----------------|
| LIGHTS OUT TV | 86561760 | 38; and | Television transmission and broadcasting services; |
| | | 41 | Entertainment services in the nature of television programs, interactive television programs, contests, competitions, sporting events in the field of sports and fitness; entertainment services, namely, providing a web site featuring non-downloadable video clips, film clips and other multimedia materials all featuring games or sports; entertainment services, namely, provision of on-going multimedia programs in the field of sports distributed via various platforms across multiple forms of transmission media; providing on-line entertainment information in the field of sports and fitness. |
| LIGHTS OUT | 85968807 | 24 | Home furnishings, namely, towels. |

39.  Plaintiff has expended considerable time, effort and money in advertising and otherwise promoting its clothing and encouraging the public and trade to recognize its LIGHTS OUT mark.  As such, Plaintiff has acquired extensive goodwill in its LIGHTS OUT mark in connection with athletic clothing and related goods.

40.  As a result of the longstanding, continuous and extensive use of Plaintiff's LIGHTS OUT mark, the LIGHTS OUT mark has become famous in the minds of consumers in connection with clothing.

41.  Plaintiff controls use of the LIGHTS OUT mark by its authorized distributors and licensees in the United States and other parts of the world.

**C.    Defendants' Infringing Activities**

42.  Upon information and belief, long after Plaintiff had established and

4318.006
1618655

incontestable rights to its LIGHTS OUT mark, and with full knowledge of Plaintiff's rights to the LIGHTS OUT mark, Defendants began using the identical LIGHTS OUT mark in connection with the sales of athletic clothing and related goods without Plaintiff's authorization.

43.    Examples of the marks Defendants are using in connection with their products, including but not limited to on their products and websites, www.LightsOutBilliards.com and www.LightsOutApparelCompany.com are shown below:

**Fig. 1**                                                    **Fig. 2**





44.    Specifically, upon information and belief, beginning in 2016, Defendants began promoting and selling LIGHTS OUT branded t-shirts, hats, and towels online to consumers throughout the United States, including within Southern California and this judicial district in particular.

45.    Examples of these infringing LIGHTS OUT branded clothing and related goods, being offering  for sale online at www.LightsOutBilliards.com, are shown below:

/ / /

/ / /

/ / /

4318.006
1618655

**Fig. 3**



**Fig. 4**



**Fig. 5**



**Fig. 6**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4318.006
1618655

**Fig. 7**



4318.006
1618655

**Fig. 8**



**Fig. 9**



46.     Further, Defendants are promoting sales of their infringing LIGHTS
OUT branded clothing through the use of celebrity endorsements from professional
billiards players Shaun Wilkie and Chezka Centeno.  True and correct copies of pages
from Defendants' website, reflecting these celebrity endorsements, are collectively

attached hereto as **Exhibit 8**.

47.     Additionally, Defendants have filed two pending trademark applications with the U.S. Patent and Trademark Office ("USPTO") for the marks "Lights Outs Billiards Apparel" and "Lights Out Billiards Apparel 9 8" for use in connection with apparel and related goods.

48.     Specifically, on or about July 12, 2016, Defendants filed U.S. trademark application serial number 87100744 (the " '744 Application"), for the standard character mark "Lights Out Billiards Apparel," on an intent-to-use basis in International Class 25 for "T-shirts, hats, pants, Hoodies, Polo shirt, Button Down Shirts, and socks, Boxers, [and] Tank Tops."

49.     Additionally, on or about July 22, 2016, Defendants filed U.S. trademark application serial number 87113091 (the " '091 Application"), for the composite mark "Lights Out Billiards Apparel 9 8" in the form shown below:



50.     Defendants filed the '091 Application on an intent-to-use basis in International Class 25 for "T-Shirts, hats, Hooded sweatshirts, Socks, Pants, Beanies, Tank Tops, Underwear, [and] Sweatshirts."

51.     Upon information and belief, Defendants have all assisted, cooperated with and conspired with one another to create, acquire, purchase, advertise, promote, distribute and/or sell products bearing Plaintiff's LIGHTS OUT mark through various means without Plaintiff's authorization.

52.     As a result of Defendants' above-described conduct, Plaintiff has

4318.006
1618655

suffered monetary damages in an amount to be proven at trial.

53. Unless enjoined, Defendants will continue to use Plaintiff's LIGHTS OUT mark in connection with clothing, which is likely to cause consumer confusion and dilute the strength and valuable reputation of Plaintiff's LIGHTS OUT mark.

54. Accordingly, Plaintiff brings this action for trademark infringement, trademark dilution, unfair competition and related offenses arising from Defendants' unlawful uses of Plaintiff's LIGHTS OUT mark.

## COUNT ONE

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

### (Against All Defendants)

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-54 above herein.

56. The federally registered LIGHTS OUT mark and goodwill of the business associated therewith in the United States are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with products of the highest quality and reputation with Plaintiff as the source of origin.

57. Upon information and belief, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the LIGHTS OUT mark, Defendants have used and are using the LIGHTS OUT mark in connection with sales of unauthorized apparel, including t-shirts, hats, and towels.

58. Upon information and belief, Defendants' unauthorized sales of LIGHTS OUT branded athletic clothing and related goods are marketed to the same consumers and in direct competition with Plaintiff's own LIGHTS OUT branded clothes, in or affecting interstate commerce.

59. Defendants' use in commerce of the identical LIGHTS OUT mark is likely to deceive the public into believing that Defendants' sales of LIGHTS OUT branded goods are authorized by Plaintiff, all to the damage and detriment of

4318.006
1618655

Plaintiff's reputation, goodwill and sales.

60. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

62. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including actual damages and profits made by Defendants on sales of its unauthorized products, and the costs of this action. Furthermore, the foregoing actions of Defendants were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus making this case exceptional under the Lanham Act and entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

## COUNT TWO

### (Unfair Competition and False Designation of Origin)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

63. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-62 above herein.

64. Defendants are using Plaintiff's registered LIGHTS OUT mark without authorization from Plaintiff in connection with the sales of athletic clothing and related goods that are of the same general nature and type as those that Plaintiff has long used in connection with its own registered LIGHTS OUT mark.

65. Defendants' unauthorized uses of the LIGHTS OUT mark are likely to cause confusion to the general purchasing public.

66. By misappropriating and using the LIGHTS OUT mark, Defendants misrepresent and falsely describe to the general public the origin and source of their

4318.006
1618655

unauthorized products and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such products.

67.     Defendants' unlawful, unauthorized, and unlicensed offers for sale and sales of LIGHTS OUT branded athletic clothing and related goods create express and implied misrepresentations that those products are authorized or approved for sale by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

68.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' uses of the LIGHTS OUT mark, in connection with Defendants' goods, in interstate commerce constitutes trademark infringement, a false designation of origin, and unfair competition.

69.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

70.     As a result of Defendants' activities, Plaintiff has been damaged in an amount to be determined at trial, and including but not limited to the costs of this action.  Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

## COUNT THREE

### (Federal Trademark Dilution)

### (15. U.S.C. § 1125(c))

### (Against All Defendants)

71.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-70 above herein.

72.     The LIGHTS OUT mark is "famous" within the meaning of Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c)(1) and has been famous prior to Defendants' conduct as alleged herein.

73.     Defendants' use, advertisement, offers for sale, and sales in commerce of

4318.006
1618655

LIGHTS OUT branded clothing, without authorization from Plaintiff, dilutes the distinctive quality of the LIGHTS OUT mark and is being done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the LIGHTS OUT mark.

74. Defendants' unauthorized use of the LIGHTS OUT mark is likely to and does dilute Plaintiff's LIGHTS OUT mark, both by blurring the distinctiveness of the mark and by tarnishing the reputation associated therewith by offering lower quality clothing bearing Plaintiff's LIGHTS OUT mark that were not authorized for sale.

75. Defendants' unauthorized use of the LIGHTS OUT mark on or in connection with clothing is being done with notice and full knowledge that such use of the LIGHTS OUT mark is not authorized or licensed by Plaintiff.

76. Defendants' aforesaid acts are in knowing and willful violation of Plaintiff's rights in Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c).

77. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. Sections 1116 and 1125(c).

78. As a result of Defendants' illegal activities, Plaintiff has been damaged in an amount to be determined at trial, and including the costs of this action.

## COUNT FOUR

### (Common Law Trademark Infringement)

### (Against All Defendants)

79. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-78 above herein.

80. Plaintiff has built up valuable goodwill in the LIGHTS OUT mark.

81. With full knowledge of the fame and strong goodwill associated with Plaintiff's LIGHTS OUT mark, Defendants have traded, and continue to trade, on the goodwill associated therewith, misleading the public into assuming an authorized connection between Defendants products and Plaintiff.

4318.006
1618655

82.     Defendants' acts of trademark infringement cause confusion and mislead and deceive the public as to the source of Defendants' products, permit Defendants to pass off their products as authorized by Plaintiff, and falsely suggest a connection between Defendants and Plaintiff.  Unless restrained by this Court, Defendants' unlawful acts will continue, in violation of the common law of the State of California and to the detriment of Plaintiff and the unjust enrichment of Defendants.

83.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief.

## COUNT FIVE

### (California Trademark Dilution)

### (California Business and Professions Code § 14247)

### (Against All Defendants)

84.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-83 above herein.

85.     Defendants have entered the same market as Plaintiff, and have started selling unauthorized products bearing Plaintiff's LIGHTS OUT mark that are lower in quality than Plaintiff's own products, to trade upon the goodwill of Plaintiff's LIGHTS OUT mark.

86.     Defendants' acts have caused damage to Plaintiff by tarnishing the valuable reputation of and blurring the distinctiveness of the famous LIGHTS OUT mark in violation of California Business and Professions Code § 14247, and will continue to tarnish and destroy the value of the LIGHTS OUT mark unless enjoined by this Court.

87.     Plaintiff has no adequate remedy at law, and is therefore entitled to injunctive relief.

/ / /

/ / /

4318.006
1618655

# COUNT SIX

## (California State Unfair Competition)

## (California Business and Professions Code §§ 17200 *et seq.*)

## (Against All Defendants)

88. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-87 of this Complaint.

89. California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

90. Defendants have committed acts of unfair competition as defined by the UCL. The aforesaid acts by Defendants are likely to cause injury to Plaintiff's reputation and result in Defendants' unfairly competing with Plaintiff in violation of the UCL.

91. Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiff; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such actions constitute incipient violations of state and federal antitrust laws.

92. Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

93. Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above. Defendants' violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

94. The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair

4318.006
1618655

competition.

95.     As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

96.     Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiff.

97.     Plaintiff is without an adequate remedy at law, and is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.

## COUNT SEVEN

### (Cybersquatting)

### (Federal Anticybersquatting Consumer Protection Act § 1125(d))

### (Against All Defendants)

98.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-97 of this Complaint.

99.     Long after Plaintiff had established trademark rights to the LIGHTS OUT marks, Defendants registered the domain names LightsOutBilliards.com and LightsOutApparelCompany.com (collectively, "Defendants' Domain Names"), which fully incorporate Plaintiff's LIGHTS OUT marks.

100.    Defendants have registered, are trafficking and using Defendants' Domain Names in connection with, *inter alia*, the sale of LIGHTS OUT branded apparel.  Screenshots of Defendants' websites accessible at LightsOutBilliards.com and LightsOutApparelCompany.com reflecting same are collectively attached hereto as **Exhibit 9**.

101.    Defendants, through Defendants' Domain Names, offer the same types of goods as Plaintiff, thus further revealing that Defendants had (at the time they

4318.006
1618655

registered Defendants' Domain Names) and continue to have a bad faith intention to make commercial gain from those domain names and are using websites accessible through Defendants' Domain Names to divert actual or potential consumers of Plaintiff to Defendants' own websites.

102. Defendants' Domain Names are confusingly similar to Plaintiff's LIGHTS OUT marks and Plaintiff's own domain name, www.LightOutBrand.com, which Plaintiff uses in connection with the sales of its own LIGHTS OUT branded apparel, *inter alia*.

103. Defendants have no prior trademark rights in the LIGHTS OUT marks. Instead, Defendants intended to divert actual or potential customers from Plaintiff's websites to Defendants' own websites, for the purpose of harming the goodwill of the LIGHTS OUT marks – both for Defendants' own commercial gain and with intent to tarnish or disparage the LIGHTS OUT marks – by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of Defendants' websites.

104. Defendants' Domain Names are dilutive of Plaintiff's LIGHTS OUT marks.

105. Plaintiff's LIGHTS OUT marks were distinctive and/or famous at the times Defendants registered and/or acquired Defendants' Domain Names.

106. As a result of Defendants' cybersquatting, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount yet to be determined, and subject to a treble damages award pursuant to 15 U.S.C. § 1117.

107. Defendants have and, unless enjoined, will continue to derive unlawful gains and profits as a result of their acts.

108. As a result of Defendants' willful misconduct, Plaintiff is entitled to recover statutory attorneys' damages.

109. This is an exceptional case under the Lanham Act, and thus Plaintiff is also entitled to recover its attorneys' fees.

4318.006
1618655

110.   Plaintiff is entitled to a transfer of all of Defendants' Domain Names to Plaintiff.   Alternatively, the Court should order Defendants to forfeit each of these domain names or should order the domain name registrations be cancelled.

111.   If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no adequate remedy at law.

## **PRAYER**

**WHEREFORE**, Plaintiff demands judgment as follows:

1.   That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

a.   from using in any manner the LIGHTS OUT mark, alone or in combination with any word or words, as part of a mark, trade name, or domain name, on or in connection with the advertising, offering for sale or sale of any product or service in the clothing field;

b.   from passing off, inducing, or enabling others to sell or pass off any product or service as affiliated with, authorized or approved by Plaintiff;

c.   from committing any acts calculated to cause purchasers to believe that Defendants' products or services are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.   from further diluting and infringing the LIGHTS OUT mark and damaging Plaintiff's goodwill; and

e.   from otherwise competing unfairly with Plaintiff.

2.   That Defendants be required upon service of this Complaint to immediately supply Plaintiff with a complete list of all businesses, stores, suppliers, or other business locations that it has reason to believe are now, or have ever been, in

possession of unauthorized goods bearing Plaintiff's LIGHTS OUT mark, including without limitation Defendants' supplier(s).

3. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 2, above.

4. That Defendants account for and pay over to Plaintiff profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages from infringement of the LIGHTS OUT mark be increased by a sum not exceeding three times the amount thereof as provided by law.

5. That Plaintiff be awarded damages in an amount to be determined at trial for Defendants' willful infringement of the LIGHTS OUT mark.

6. That Plaintiff be awarded punitive damages in an amount to be proven at trial.

7. That Plaintiff be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in 15 U.S.C. § 1117.

8. That Defendants be ordered to disgorge all of their ill-gotten gains pursuant to California Business and Professions Code § 17203.

9. That Defendants' pending trademark applications, serial numbers 87100744 and 87113091, be expressly abandoned.

10. That Defendants, and anyone acting under their control, be ordered to transfer to Plaintiff the domain names LightsOutBilliards.com and LightsOutApparelCompany.com, as well as any other domain(s) incorporating the LIGHTS OUT mark within Defendants' possession, custody or control.

/ / /

/ / /

/ / /

4318.006
1618655

1    11.    For all such further relief as the Court finds proper.

3    Dated:  August 30, 2016                    BRUTZKUS GUBNER

                                                By: s/ Jeffrey A. Kobulnick
                                                    JEFFREY A. KOBULNICK
                                                    MARK D. BRUTZKUS
                                                    MICHAEL A. BERNET
                                                Attorneys for Plaintiff
                                                LIGHTS OUT HOLDINGS, LLC
                                                E-mail: jkobulnick@brutzkusgubner.com
                                                mbrutzkus@brutzkusgubner.com
                                                mbernet@brutzkusgubner.com

4318.006
1618655

# **DEMAND FOR JURY TRIAL**

Plaintiff LIGHTS OUT HOLDINGS, LLC hereby demands a trial by jury for all issues so triable in this action.


Dated:  August 30, 2016                    BRUTZKUS GUBNER

                                           By: s/ Jeffrey A. Kobulnick
                                               JEFFREY A. KOBULNICK
                                               MARK D. BRUTZKUS
                                               MICHAEL A. BERNET
                                           Attorneys for Plaintiff
                                           LIGHTS OUT HOLDINGS, LLC
                                           E-mail: jkobulnick@brutzkusgubner.com
                                           mbrutzkus@brutzkusgubner.com
                                           mbernet@brutzkusgubner.com

4318.006
1618655

# TABLE OF EXHIBITS TO COMPLAINT

| Exhibit No. | Description of Exhibit | Page Number |
|---|---|---|
| Exhibit 1 | Lights Out Apparel, LLC – Articles of Organization | 28 |
| Exhibit 2 | Lights Out Apparel, LLC – Active Status | 31 |
| Exhibit 3 | Lights Out Billiards Apparel – Trade Name Registration | 33 |
| Exhibit 4 | Lights Out Billiards Apparel – Active Status | 36 |
| Exhibit 5 | Lights Out '212 USPTO Certificate of Registration | 38 |
| Exhibit 6 | Lights Out '2121 USPTO Assignment | 40 |
| Exhibit 7 | Table of Lights Out Trademarks | 42 |
| Exhibit 8 | Sponsored Pro-Players – Lights Out Billiards Apparel | 47 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1624023

# Exhibit 1

Exhibit 1-1      28

# CORPORATE CHARTER APPROVAL SHEET
## ** EXPEDITED SERVICE **          ** KEEP WITH DOCUMENT **

DOCUMENT CODE 40          BUSINESS CODE 20

\# _____

Close _____     Stock _____     Nonstock _____

P.A. _____     Religious _____

Merging (Transferor) _____

_____

_____

_____

Surviving (Transferee) _____

_____

_____

```
1000362009433709
```

```
ID # W17258112 ACK # 1000362009433709
PAGES: 0002
LIGHTS OUT APPAREL, LLC

                                    MAIL
                                    BACK

05/13/2016   AT 04:26 P WO # 0004636530
```

New Name _____

_____

#### FEES REMITTED

| | |
|---|---|
| Base Fee: | 100 |
| Org. & Cap. Fee: | |
| Expedite Fee: | 50 |
| Penalty: | |
| State Recordation Tax: | |
| State Transfer Tax: | |
| _____ Certified Copies | |
| Copy Fee: | |
| _____ Certificates | |
| Certificate of Status Fee: | |
| Personal Property Filings: | |
| Mail Processing Fee: | 5 |
| Other: | |

TOTAL FEES: 155

Credit Card _____     Check ✓     Cash _____

_____ Documents on _____ Checks

Approved By: 15 _____

Keyed By: _____

COMMENT(S):

_____ Change of Name
_____ Change of Principal Office
_____ Change of Resident Agent
_____ Change of Resident Agent Address
_____ Resignation of Resident Agent
_____ Designation of Resident Agent
          and Resident Agent's Address
_____ Change of Business Code

_____ Adoption of Assumed Name
          _____
_____ Other Change(s)
          _____
          _____

Code _____

Attention: _____

Mail: Names and Address

_____

```
LEGALZOOM.COM INC.
STE. 100
100 W. BROADWAY
GLENDALE CA 91210
```

**Stamp Work Order and Customer Number HERE**

```
CUST ID:0003419953
WORK ORDER:0004636530
DATE:05-17-2016 11:54 AM
AMT. PAID:$3,185.00
```

**Exhibit 1-2**                    **29**

# ARTICLES OF ORGANIZATION

The undersigned, with the intention of creating a Maryland Limited Liability Company files the following Articles of Organization:

(1)     The name of the Limited Liability Company is: Lights Out Apparel, LLC

(2)     The purpose for which the Limited Liability Company is filed is as follows: Engaging in the business of Retail Store - Internet sales (including independent sales on an auction site)

(3)     The address of the Limited Liability Company in Maryland is

2812 Whitman Court, Manchester, Maryland 21102

(4)     The resident agent of the Limited Liability Company in Maryland is

United States Corporation Agents, Inc.

whose address is 6959 Golden Ring Road, Rosedale, MD 21237

RECEIVED DEPARTMENT OF ASSESSMENTS & TAXATION 2016 MAY 13 P 4: 26

(5)

Cheyenne Moseley, Assistant Secretary

(6)

Resident Agent

I hereby consent to my designation in this document.
Cheyenne Moseley, Authorized Officer
United States Corporation Agents, Inc.

Signature(s) of Authorized Person(s)

Filing party's return address:

(7)

C/O LegalZoom.com, Inc.

101 N. Brand Blvd., 11th Floor

Glendale, CA 91203

CUST ID:0003419953
WORK ORDER:0004636530
DATE:05-17-2016 11:54 AM
AMT. PAID:$3,185.00

**Exhibit 1-3**                                    **30**

# Exhibit 2

Exhibit 2-1                    31

Menu Menu

Maryland.gov Phone Directory State Agencies Online Services

# MARYLAND.gov

## DEPARTMENT OF
## ASSESSMENTS & TAXATION

HOME   ABOUT   REAL PROPERTY   BUSINESSES   FORMS & APPLICATIONS   STATS & REPORTS   SERVICES

## Business Information

> Main Menu
> **Business Information**
> UCC/Security Interest
> Certificate of Status
> Rate Stabilization
> Search Help
> Image Availability
> Definitions

Maryland Department of Assessments and Taxation Business Services (w4)                    Search Help

**Entity Name: LIGHTS OUT APPAREL, LLC**

**Department ID: W17258112**

| General Information | Amendments | Personal Property | Certificate of Status |
|---|---|---|---|

| | |
|---|---|
| Principal Office (Current): | 2812 WHITMAN COURT<br>MANCHESTER, MD 21102 |
| Resident Agent (Current): | UNITED STATES CORPORATION AGENTS, INC.<br>6959 GOLDEN RING ROAD<br>ROSEDALE, MD 21237 |
| Status: | ACTIVE |
| Good Standing: | Yes<br>What does it mean when a business is not in good standing or forfeited? |
| Business Code: | Other |
| Date of Formation or Registration: | 05/13/2016 |
| State of Formation: | MD |
| Stock/Nonstock: | N/A |
| Close/Not Close: | Unknown |

New Search      Previous

Contact Us   |   Privacy Notice   |   Accessibility

SOCIAL MEDIA DIRECTORY

301 W. Preston St., Baltimore, MD 21201-2395; (410) 767-1184

**Exhibit 2-2**                                                        **32**

# Exhibit 3

Exhibit 3-1                    33

# TRADE NAME APPROVAL SHEET
## ** KEEP WITH DOCUMENT **

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
**1000362009636483**

\# _____

| TRANSACTION TYPE | FEES REMITTED |
|---|---|
| | *25.00* |
| TN - Trade Name Registration | |
| TA - Amendment | _____ |
| TA1 - Amendment Owner Added | _____ |
| TA2 - Amendment Owner Deleted | _____ |
| TA3 - Amendment Owner Name Change | _____ |
| TA4 - Amendment Location Added | _____ |
| TA5 - Amendment Location Deleted | _____ |
| TA6 - Amendment Location Changed | _____ |
| TC - Cancellation | _____ |
| TR - Renewal | _____ |

```
ID # T00415772  ACK # 1000362009636483
PAGES: 0002
LIGHTS OUT BILLIARDS APPAREL


06/20/2016  AT 03:27 P WO # 0004663754
```

_____ Certified Copies

_____ Certificates

Copy Fee: _____

Certificate of Fact Fee: _____

TOTAL FEES: *25.00*    Other Change(s) _____

_____

## NO FEE TRANSACTION TYPES

99T - Departmental Action
99TA - Departmental Action - Name Change
220T - Void Non-Payment
220TA - Departmental Action - Amendment
220TA1 - Departmental Action - Owner Added
220TA2 - Departmental Action - Owner Deleted
220TA3 - Departmental Action - Owner Name Change
220TA4 - Departmental Action - Location Added
220TA5 - Departmental Action - Location Deleted
220TA6 - Departmental Action - Location Changed
220TC - Departmental Action - Cancellation
220TR - Departmental Action - Renewal
240T - Departmental Action - Reinstatement
250T - Incorrect ID Number

Code _____

Attention: _____

Mail to Address:

```
JACOB R. LAWSON
1265 NEIGHBORS AVE
BALTIMORE MD 21237-2841
```

Credit Card _____    Check _____    Cash _____

_____ Documents on _____ Checks

Approved By: _____

Keyed By: _____

COMMENT(S):

```
CUST ID:0003447177
WORK ORDER:0004663754
DATE:07-29-2016 12:55 PM
AMT. PAID:$25.00
```

**Exhibit 3-2**     34

State of Maryland
## State Department of Assessments and Taxation
### Charter Division
### TRADE NAME APPLICATION
FILING FEE: $25.00

EXPEDITED FEE: ADDITIONAL $50.00 | TOTAL EXPEDITED SERVICE: $75.00

(Make checks payable to Department of Assessments and Taxation)

Prior to registering the business name of a home improvement company with the Maryland State Department of Assessments and Taxation, an applicant is advised to contact the Commission at 410-230-6171 to ensure a specific name is available.

*21*

RECEIVED DEPARTMENT OF ASSESSMENTS & TAXATION

2016 JUN 20 P 3: 27

**1) TRADE NAME:** *(Only one trade name may appear on this line)*

*Lights Out Billiards Apparel*

**2) STREET ADDRESS(ES) WHERE NAME IS USED:**

*2812 Whitman Court*

CITY: *Manchester*   STATE: *Maryland*   ZIP: *21102*

Post office box number is only accepted when part of the physical address.

**3) FULL LEGAL NAME OF OWNER OF BUSINESS OR INDIVIDUAL USING THE TRADE NAME:**

*Jacob Lawson & Zachary Kosojet*

If more than one owner, attach an additional sheet listing each owner with his/her address. Be sure each owner signs this form.

**4) If the owner is an individual or general partnership, do they have a personal property account (an "L" number)? Circle one:     YES     (NO)**

IF YES, WHAT IS THAT NUMBER? _____

IF NO, see item 4 of the Trade Name Application Instructions.

**5) ADDRESS OF OWNER:** *2812 Whitman Court*

CITY: *Manchester*   STATE: *Maryland*   ZIP: *21102*

Post office box number is only accepted when part of the physical address.

**6) DESCRIPTION OF BUSINESS:** *Billiards Apparel, T-shirts, Hats, Hoodies, Jackets, Towels, Beanies*

I affirm and acknowledge under penalties of perjury that the foregoing is true and correct to the best of my knowledge.

_____ *CEO*

SIGNATURE OF OWNER (AUTHORIZED TITLE)

_____ *COO*

SIGNATURE OF OWNER (AUTHORIZED TITLE)

_____
SIGNATURE OF OWNER (AUTHORIZED TITLE)

_____
SIGNATURE OF OWNER (AUTHORIZED TITLE)

CUST ID:0003447177
WORK ORDER:0004663754
DATE:07-29-2016 12:55 PM
AMT. PAID:$25.00

ltimore, Maryland 21201
0-735-2258 - Toll Free in MD: 1-888-246-5941
aryland.gov

**Exhibit 3-3**                                    **35**

# Exhibit 4

Exhibit 4-1 36



Menu Menu

Maryland.gov   Phone Directory   State Agencies   Online Services

DEPARTMENT OF
# ASSESSMENTS & TAXATION

HOME   ABOUT   REAL PROPERTY   BUSINESSES   FORMS & APPLICATIONS   STATS & REPORTS   SERVICES

## Business Information

> Main Menu
> **Business Information**
> UCC/Security Interest
> Certificate of Status
> Rate Stabilization
> Search Help
> Image Availability
> Definitions

Maryland Department of Assessments and Taxation Business Services (w4)          Search Help

**Entity Name: LIGHTS OUT BILLIARDS APPAREL**

**Department ID: T00415772**

| General Information | Amendments | Personal Property | Certificate of Status |
|---|---|---|---|

| | |
|---|---|
| Status: | ACTIVE |
| Owner (Primary): | JACOB LAWSON<br>2812 WHITMAN CT<br>MANCHESTER, MD 21102 |
| Location: | LIGHTS OUT BILLIARDS APPAREL<br>2812 WHITMAN COURT<br>MANCHESTER, MD 21102 |
| Renewal Notice Date: | N/A |
| Expiration Date: | 6/20/2021 |

New Search   Previous

Contact Us   |   Privacy Notice   |   Accessibility

SOCIAL MEDIA DIRECTORY

301 W. Preston St., Baltimore, MD 21201-2395; (410) 767-1184

Outside the Baltimore Metro Area (888) 246-5941

Maryland Relay (800) 735-2258

**Exhibit 4-2**                                        **37**

# Exhibit 5

Exhibit 5-1          38

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,885,212
Registered Sep. 14, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## LIGHTS OUT

LOOMWORKS APPAREL, INC. (CALIFORNIA CORPORATION)
2805 MCGAW
IRVINE, CA 92614

FOR: CLOTHING AND SHOES FOR MEN, WOMEN AND CHILDREN, NAMELY, ANKLETS, ANORAKS, ATHLETIC FOOTWEAR, ATHLETIC SHOES, ATHLETIC UNIFORMS, BEACHWEAR, BELTS, BLOUSES, BOOTS, BOTTOMS, BOXER SHORTS, BRASSIERES, BRIEFS, BUSTIERS, CAPS, CARDIGANS, COATS, FOOTWEAR, GLOVES, GOLF SHIRTS, HATS, HEADBANDS, HEADWEAR, INTIMATE APPAREL, JACKETS, JEANS, JERSEYS, JOGGING SUITS, JUMPERS, KNIT SHIRTS, NIGHT WEAR, OVERALLS, OVERCOATS, PAJAMAS, PANTS, POLO SHIRTS, PULLOVERS, QUILTED VESTS, RAINCOATS, ROBES, SHIRTS, SHOES, SHORTS, SLEEPWEAR, SPORT COATS, SPORT SHIRTS, SWEATERS, SWEATPANTS, SWEATSHIRTS, SKIRTS, SOCKS, SWEATSUITS, TANK TOPS, TOPS, TRACKSUITS, TROUSERS, T-SHIRTS, UNDERWEAR, V-NECK SWEATERS, VESTS, WAISTCOATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-11-2004; IN COMMERCE 6-11-2004.

SN 78-213,141, FILED 2-10-2003.

AMY HELLA, EXAMINING ATTORNEY

**Exhibit 5-2**            **39**

# Exhibit 6

Exhibit 6-1     40



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 3**

**Serial #:** 78213141     **Filing Dt:** 02/10/2003     **Reg #:** 2885212     **Reg. Dt:** 09/14/2004

**Registrant:** Loomworks Apparel, Inc.

**Mark:** LIGHTS OUT

## Assignment: 1

**Reel/Frame:** 3591/0723     **Recorded:** 07/31/2007     **Pages:** 6

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** LOOMWORKS APPAREL, INC.     **Exec Dt:** 07/27/2007
    **Entity Type:** CORPORATION
    **Citizenship:** CALIFORNIA

**Assignee:** MERRIMAN, SHAWNE D.     **Entity Type:** INDIVIDUAL
1744 POINCIANA DRIVE     **Citizenship:** UNITED STATES
EL CAJOHN, CALIFORNIA 92021

**Correspondent:** MELISSA WOO
655 WEST BROADWAY
15TH FLOOR
SAN DIEGO, CA 92101

## Assignment: 2

**Reel/Frame:** 3591/0796     **Recorded:** 07/31/2007     **Pages:** 6

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** LOOMWORKS APPAREL, INC.     **Exec Dt:** 07/27/2007
    **Entity Type:** CORPORATION
    **Citizenship:** CALIFORNIA

**Assignee:** MERRIMAN, SHAWNE D     **Entity Type:** INDIVIDUAL
1744 POINCIANNA DRIVE     **Citizenship:** UNITED STATES
EL CAJON, CALIFORNIA 92021

**Correspondent:** MELISSA W. WOO
655 WEST BROADWAY
15TH FLOOR
SAN DIEGO, CA 92101

## Assignment: 3

**Reel/Frame:** 3706/0221     **Recorded:** 01/29/2008     **Pages:** 5

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** MERRIMAN, SHAWNE, MR.     **Exec Dt:** 10/22/2007
    **Entity Type:** INDIVIDUAL
    **Citizenship:** UNITED STATES

**Assignee:** LIGHTS OUT HOLDINGS, LLC     **Entity Type:** LIMITED LIABILITY COMPANY
10617 BIRCH BLUFF AVENUE     **Citizenship:** CALIFORNIA
SAN DIEGO, CALIFORNIA 92131

**Correspondent:** KATHRYN A. TYLER
2029 CENTURY PARK EAST
19TH FLOOR
LOS ANGELES, CA 90067

Search Results as of: 06/15/2016 10:02 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.5
Web interface last modified: July 25, 2014 v.2.5

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# Exhibit 7

Exhibit 7-1 42

# LIGHTS OUT TRADEMARKS

| Mark | Reg. No. / Serial No. | Goods/Services |
|---|---|---|
| LIGHTS OUT | 2885212 | Clothing for men, women and children, namely, bottoms, boxer shorts, caps, hats, headwear, night wear, shirts, shorts, sleepwear, sweatshirts, tank tops, tops, T-shirts, underwear. |
| LIGHTS OUT | 3990916 | Footballs; Online retail store featuring sporting goods, sports memorabilia, clothing; promoting the goods and services of others through the issuance of product and service endorsements by a sports celebrity, and through advertising appearances for products and services by a sports celebrity; Providing a website featuring a the biography and biographical information about appearances, accomplishments, exploits, and charitable and philanthropic works of a college and professional football player; entertainment services, namely, personal appearances and speeches by a sports celebrity; entertainment services, namely, radio and television appearances and commentary by a sports celebrity. |
| LIGHTS OUT | 4242170 | Action figures; collectable toy figures; molded toy figures; play figures; toy figures; Promoting the goods and services of others through licensing of the identity, name, nickname, and image of a sports celebrity. |
| LIGHTS OUT | 4667833 | Luggage; tote bags, duffle bags, gym bags, all-purpose sport bags and backpacks; sports luggage and gym bags; Muscle shirts. |

| Mark | Reg. No. / Serial No. | Goods/Services |
|------|------------------------|----------------|
| LIGHTS OUT | 86705594 | Monitoring devices not for medical purposes, namely, fitness band that monitors, records and displays physical activity levels, physical inactivity periods, steps walked or ran, distances covered in exercise, exercise levels achieved compared with exercise level goals, calories burned, exercise goal levels based on past exercise, quality of rest and sleep patterns; computer software application for wireless data communication for receiving, processing, transmitting and displaying information relating to fitness, body fat, body mass index; computer software for managing information regarding tracking, compliance and motivation with a health and fitness program; multifunctional electronic devices for displaying, measuring, and uploading to the Internet information including time, date, heart rate, global positioning, direction, distance, altitude, speed, steps taken, calories burned, navigational information, weather information, temperature, wind speed, changes in heart rate, activity level, hours slept, quality of sleep, and silent wake alarm; computer software for wireless data communication for receiving, processing, transmitting and displaying information relating to fitness, body fat, body mass index; computer software application for managing information regarding tracking, compliance and motivation with a health and fitness program. |
| LIGHTS OUT | 86888080 | Footwear, athletic footwear. |
| THE LIGHTS OUT REPORT | 86642283 | Sports recruiting services for high school athletes; talent recruiting services in the field of sports; <br><br> Coaching and instruction services in the field of sports; entertainment services in the nature of organizing and staging showcase events for high school sports players; and education services, namely, providing training programs and scouting reports including scouting sessions and individual training in the fields of sports, and player development; all of the foregoing relating to recruiting services for high school sports players; sports instruction services. |
| LIGHTS OUT | 86613418 | Energy drinks, non-alcoholic drinks, namely, energy shots. |

| Mark | Reg. No. / Serial No. | Goods/Services |
|---|---|---|
| LIGHTS OUT NETWORK | 86561783 | Television transmission and broadcasting services; Entertainment services in the nature of television programs, interactive television programs, contests, competitions, sporting events in the field of sports and fitness; entertainment services, in the nature of pre-game and post-game recaps and analysis, line-up introductions, press conferences, venue announcements, interviews and discussions regarding a particular athlete, sports or games historical documentaries, scenes from movies and TV shows, information regarding athlete drafts and draft picks, and video highlights, previews and analysis, all of the above in the field of sports, sports news, music, film, and theater via television, internet web site, mobile telephones, tablets, gaming consoles; entertainment services, namely, providing a web site featuring non-downloadable video clips, film clips and other multimedia materials all featuring games or sports; entertainment services, namely, provision of on-going multimedia programs in the field of sports distributed via various platforms across multiple forms of transmission media; providing on-line entertainment information in the field of sports and fitness. |
| LIGHTS OUT TV | 86561760 | Television transmission and broadcasting services; Entertainment services in the nature of television programs, interactive television programs, contests, competitions, sporting events in the field of sports and fitness; entertainment services, in the nature of pre-game and post-game recaps and analysis, line-up introductions, press conferences, venue announcements, interviews and discussions regarding a particular athlete, sports or games historical documentaries, scenes from movies and TV shows, information regarding athlete drafts and draft picks, and video highlights, previews and analysis, all of the above in the field of sports, sports news, music, film, and theater via television, internet web site, mobile telephones, tablets, gaming consoles; entertainment services, namely, providing a web site featuring non-downloadable video clips, film clips and other multimedia materials all featuring games or sports; entertainment services, namely, provision of on-going multimedia programs in the field of sports distributed via various platforms across multiple forms of transmission media; providing on-line entertainment information in the field of sports and fitness. |
| LIGHTS OUT | 86206433 | Solar panels for production of electricity; Solar heat collection panels. |

| Mark | Reg. No. / Serial No. | Goods/Services |
|------|------------------------|----------------|
| LIGHTS OUT | 86182177 | Hazardous waste disposal services; collection of e-waste for recycling; Hazardous waste management; recycling services, namely, recycling of electronic e-waste, batteries, textiles and other materials where appropriate. |
| LIGHTS OUT | 86743803 | Advertising, marketing and promotion services. |
| LIGHTS OUT | 85968815 | Non-medicated cosmetics and skin care products, namely, soaps, creams, lotions, perfume; personal body care products, namely, body polish, massage oil. |
| LIGHTS OUT | 85968807 | Home furnishings, namely, pillow cases, pillow shams, draperies, curtains, curtains in the nature of curtain panels, textile curtain tie-backs, unfitted fabric furniture covers; bathroom accessories, namely, large bath towels, bath towels, beach towels, towels, bath sheets; bedding accessories, namely, bed linen, bed blankets, bed covers, bed sheets, bed throws, blanket throws, household linen, sheet sets, woolen blankets, bedspreads, duvet cover, comforters, flat bed sheets; mattress covers; mattress pads. |

# Exhibit 8

Exhibit 8-1      47



Follow us on Social Media

# LIGHTS OUT BILLIARDS APPAREL

HOME    APPAREL STORE    GALLERY    ABOUT

MORE...    CART (0)

## Sponsored Pro Player
## Shaun Wilkie
## Maryland, U.S.A.



Shaun "Get Some" Wilkie

## Sponsored Pro Player
## Chezka Centeno
## Philippines



## About Chezka

**Chezka Centeno** (born June 30, 1999)[1] is a Filipina billiards player from Zamboanga City.[2]

She is the sixth of seven children. As young as five years old, Centeno started playing billiards and was discovered at age eight when she participated in local tournaments in her family's hometown. Centeno entered the

By using this site you consent to the use of cookies. Cookies can be managed in your browser or device settings.

Exhibit 8-2      48







3rd Place Finish at the 2016 Eastern State Championship

11 and won third place. At age 12, she was invited to participate at the Kremlin Cup in Russia and managed to finish among the Top 32.[2]

Chezka was born to Fausto Albert and Josephine Centeno and is the sixth of seven children. Her potential was discovered at age eight when she played in local tournaments in the family's hometown. At the age of 11, she joined the Philippine National Games and finished third. And when she was 12, she was invited to the Kremlin Cup in Russia and reached the Top 32 spot. After she was recruited into the national team she participated at the 2014 Asian Junior Championship and was won 1st place under the girls' single category.[2][3]

She later won the nine-ball women's single at the 2015 Southeast Asian Games, facing her idol and fellow Filipina, Rubilen Amit in the final.[2][4]

In 2016, Centeno will participate in the World 8-Ball Championship in

**Exhibit 8-3**

**49**

China, together with Rubilen Amit and Iris Ranola.[*citation needed*]

---

# References

1. "(Billiards and Snooker) Biography Overview: CENTENO Chezka". *28th SEA Games 2015*.

2. ^ Jump up to:*a b c d* Padilla, Jaime (9 June 2015). "Chezka Centeno: The 15 year old Cueist Sensation". 28th SEA Games Singapore 2015. Retrieved 10 June 2015.

3. **Jump up^** "2014 APBU Junior Championship-Girl's Single" (PDF). *Asian Pocket Billiard Union*. Retrieved 10 June 2015.

4. **Jump up^** Joble, Rey (9 June 2015). "SEAG: Pinay teenager Chezka Centeno beats out veteran Rubilen Amit for billiards gold". InterAksyon.com. Retrieved 10 June 2015.



What Our Customers Are Saying About Us:

*"Finally, a billiards apparel I want to wear and show off!"* -Steve

*"Lights Out Billiards Apparel has some of the nicest shirts I've ever worn."* -Chris

*"This Apparel is Lights Out!"* -Dominic

*"Wow, great job guys! I can't wait to get my gear!"* -John

*"I can't believe the quality and the custom embroidery."* -Nick

## Contact Us

## Subscribe

Join our mailing list today!

JOIN NOW

**Exhibit 8-4**          **50**



Website by **Empire Enterprises**